JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:25-cv-00920-KES                              Date: August 20, 2025

Title:  SHAHIH SALEEM v. UNITED STATES CITIZENSHIP AND IMMIGRATION
SERVICES, ET AL.

PRESENT:
          THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

          Jazmin Dorado                              Not Present
          Courtroom Clerk                            Court Reporter

     ATTORNEYS PRESENT FOR               ATTORNEYS PRESENT FOR
          PLAINTIFF:                          DEFENDANTS:
          None Present                        None Present

**PROCEEDINGS (IN CHAMBERS):**     **Order DISMISING Plaintiff's Action**
                                    **Without Prejudice**

On May 2, 2025, Plaintiff Shaheed Saleem ("Plaintiff") filed a complaint for a writ of mandamus against the United States Citizenship and Immigration Services ("USCIS"), Alejandro Mayorkas in his official capacity as Secretary of the U.S. Department of Homeland Security, Ur M. Jaddou in her official capacity as Acting Director of the USCIS, and Michael Valverde in his official capacity as Associate Director of The Field Operations Directorate of the USCIS.  (Dkt. 1.)

Plaintiff had 90 days (or until Thursday, July 31, 2025) to complete service of the summons and complaint and file a proof of service.  Fed. R. Civ. P. 4(m); Local Rule 4-6. Federal Rule of Civil Procedure 4(m) sets forth the time limit for service, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On August 5, 2025, when Plaintiff had not filed proof of service, the Court issued an order to show cause ("OSC") why the case should not be dismissed.  (Dkt. 7.)  Plaintiff was required to respond to the OSC by August 19, 2025.  (Id.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00920-KES                                                      Date: August 20, 2025
                                                                                                              Page 2

      On August 19, 2025, Plaintiff responded to the OSC.  (Dkt. 9.)  Plaintiff argued that his failure to serve Defendants in 90 days should be excused because counsel did not request issuance of a summons until Friday, August 15, 2025, such that the Court had not issued it by Monday, August 18.  (Id. ¶ 4.)  Completely absent is any explanation of why counsel did not request issuance of a summons earlier.

      Counsel also declares that a process server reported difficulties serving "them" in person. The declaration does not refer to attempts to serve Defendants – and indeed, Plaintiff could not have attempted to serve Defendants because Plaintiff never requested or obtained a summons.

      The Court sees hundreds of cases filed against the USCIS in which service is accomplished within the required 90 days.  See, e.g., Kompella v. United States Citizenship and Immigration Services, No. 23-cv-02460, 2024 WL 5434133, at *1 (D. Ariz. May 3, 2024) ("The Court is in receipt of Plaintiff's proof of service, filed at No. 13.").  Counsel's declaration fails to establish good cause for failure to timely serve Defendants.  As a result, this action is dismissed without prejudice.

Initials of Deputy Clerk jd